| 207 | 399 |
|-----|-----|
| 207 | 426 |

# Guaranty Safe Deposit and Trust Company *v.* Liebold, Appellant.

*Vendor and vendee—Option—Evidence—Parol evidence—Outstanding leases.*

Where an option to sell real estate is made expressly subject to existing leases, and the option is subsequently exercised, and ejectment brought for specific performance, the vendor cannot allege as a defense a cotemporaneous parol agreement averred to have been omitted by mistake from the option, to the effect that the vendee was, during the running of the option to purchase the leases, and if he failed to do so, was to surrender up the option.

*Vendor and vendee—Option—Concealment of facts.*

Where a person takes an option to purchase real estate from another, he is not bound to communicate to the vendor information in his possession as to facts which will have the effect of increasing the value of the land during the running of the option.

Argued Oct. 20, 1903. Appeal, No. 138, Oct. T., 1903, by defendant, from judgment of C. P. Butler Co., Sept. T., 1903, No. 134, on verdict for plaintiff in case of Guaranty Safe Deposit and Trust Company v. Herman Liebold. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Butler township.

MILLER, P. J., specially presiding, on case tried without a jury, found the facts to be as follows:

1. The Guaranty Safe Deposit and Trust Company is a corporation duly incorporated under the laws of the commonwealth of Pennsylvania, having its place of business in Butler, Pennsylvania.

2. On March 25, 1902, the defendant, Herman Liebold, gave an option to the plaintiff in writing, as follows:

" I, Herman Liebold, for and in consideration of one dollar, the receipt whereof is hereby acknowledged, give to the Guaranty Safe Deposit and Trust Company, of Butler, Pa., the option to purchase in fee within ten days the northern part of my hotel property, Butler, Pa., measuring 24 feet $7\frac{1}{2}$ inches on Main street, being part between Campbell alley and wall of

new building, and extending back of same width 180 feet, more or less, for the sum of $15,000, payable on delivery of deed free of all incumbrances, except Krut and Morrison leases, which deed I agree to deliver with transfer of said leases. It being optional with the said Trust Company to buy said property, and if not accepted within ten days this option to be null and void.

" Witness my hand and seal this 25th day of March, 1902.

"Herman Liebold.  [L. S.]

"Witness : A. E. Reiber."

3. The plaintiff secured the option on the property described as above in order to secure a place to conduct its business ; the purpose of the company being to erect a building upon the property suitable for the offices of the company.

4. On April 1, 1902, the plaintiff, by A. E. Reiber, the president of the plaintiff company, arranged with Mr. Liebold, the defendant, to survey the property described in the aforesaid option, and on April 2, accompanied by Mr. McQuistion, the surveyor, called at the residence of the defendant for the purpose of making such survey, and the defendant being ill, requested Mr. Reiber to proceed with the survey in his absence, which he did, and the survey of the premises was accordingly made and a plot prepared by the surveyor thereof.

5. On April 3, 1902, the plaintiff company accepted the option as aforesaid in writing and delivered it to Mr. Liebold, of which writing the following is a copy :

" April 3, 1902.

" To Herman Liebold,

"Butler, Pa.

" The Guaranty Safe Deposit and Trust Company hereby accepts the option given by you dated the 25th day of March, 1902, for the purchase of lot on Main street or High street, Butler, Pa., 24.55 feet in front and 180 feet in length, for the sum of $15,000. You are requested to deliver deed for the same, which is now called for, and said company now offer and stand ready to pay the price thereof on delivery of deed as provided for in said agreement.

"Guaranty Safe Deposit and Trust Company,

"A. E. Reiber, President."

6. On April 3, 1902, in a conversation between A. E. Reiber, acting on behalf of the plaintiff company, and Herman Liebold, the defendant, the latter directed Mr. Reiber to go to the office of Frank Kohler, who was the attorney of Mr. Liebold, and have the deed called for in the option prepared, and have assignments of the leases between Mr. Liebold and Mr. Krut and Mr. Morrison, who were tenants of the property, prepared in order that the said deed and the assignments might be executed by Mr. Liebold and delivered in accordance with the said option.

7. That in accordance with the instructions contained in the sixth finding of fact, Mr. Reiber had Mr. Kohler prepare the aforesaid deed and also the assignments or transfers of the Kent and Morrison leases, which were left by Mr. Reiber with Mr. Kohler that they might be duly executed by Mr. Liebold.

8. Within two or three days after April 3, 1902, A. E. Reiber called upon the defendant relative to the said deed and the transfer of said leases, and was informed by the defendant that the same had not been executed by him, giving as a reason therefor that his wife had refused to join in the execution of the deed, but that he thought that he could get her to join therein. No other reason than this was given by the defendant to Mr. Reiber or any one acting on behalf of the plaintiff company for the nonexecution of the aforesaid deed, and no other reason was assigned by the defendant, or by any one acting in his behalf, until defendant's abstract of title and denial of plaintiff's abstract of title were filed in court on August 29, 1902.

9. On April 22, 1901, Mr. A. E. Reiber and W. D. Brandon, acting in behalf of the plaintiff company, tendered to the defendant the sum of $15,000 in legal tender and demanded from him a deed for the premises purchased by the option to the Guaranty Safe Deposit and Trust Company. At the time the tender was made the defendant again stated that he had not yet got his wife's consent to join in the deed, and the tender was refused by the defendant.

10. On April 26, 1902, the action of ejectment in this case was commenced. On November 19, 1902, the parties, by their attorneys, agreed to dispense with trial by jury and submit the decision of said case to the judge of the common pleas court of Butler county; the judgment entered to be submitted to writ of

error or appeal, as in other cases, at the option of either party.

11. At the time the option was made, March 25, 1902, and at the time the option was accepted, April 3, 1902, the fair market value of the property did not exceed the sum of $15,000.

12. Between the dates of April 3, 1902, and the hearing of this case, on December 3, 1902, the market value of the property in suit, as well as of all other real estate in the borough of Butler, largely increased, the increase being fifty per cent and ' upwards. The principal cause of such increase in the market value of real estate in Butler was the location of the Standard Steel Car Company adjacent to the borough in April, 1902, and the subsequent erection of the plant thereof on lands adjacent to the borough of Butler. On March 31, 1902, there was published in the Times, a daily newspaper published in Butler, a lengthy article announcing the probable location of a large manufacturing plant in the borough of Butler, stating that the options on 250 acres of land adjacent to the borough had been taken from the owners thereof for the location of the plant, and containing information sufficient to lead any one to conclude that a plant of great magnitude was likely to locate in Butler. On April 2, 1902, a similar article was published confirming the article of March 31, and stating that the location of the plant aforesaid in Butler was no longer in doubt.

13. The option in writing dated March 25, 1902, contained the entire agreement between the parties. Nothing was omitted therefrom by either fraud, accident or mistake.

14. At the time the option was secured it was rumored in Butler that some large manufacturing company contemplated locating in or near the town. Both Mr. Reiber and the defendant, Mr. Liebold, had heard of the coming of some contemplated company, but neither of them knew the name of the company. It was on account of this rumor that the defendant advanced the price of the property in suit, and for the same cause Mr. Reiber and those acting on behalf of the plaintiff company in purchasing the property agreed to give a higher price than they had before offered. The certainty of the coming of the plant was not known to either Mr. Reiber or Mr. Liebold at the time the option was signed.

15. Neither Mr. Reiber nor any one acting for or on behalf of the plaintiff company practiced any fraud upon the defendant in the securing of said option, nor was the same obtained from the defendant by any misrepresentation, concealment or fraud.

16. No money consideration was paid by the plaintiff to the defendant on March 25, 1902, the date of the execution and delivery of the option by the defendant.

17. Under all the evidence in the case the plaintiff is entitled to a verdict against the defendant for the land in suit.

*Error assigned* was the judgment of the court.

*Lev. McQuistion,* with him *Frank Kohler* and *J. C. Vanderlin,* for appellant.

*T. C. Campbell,* with him *A. E. Reiber* and *W. D. Brandon,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 4, 1904:

But one conclusion can follow an examination of this case, and it is, that the appellant, having entered into a written contract for the sale of real estate for which he can now get more money, is, for that reason, trying to get out of his agreement to sell it to the appellee. After a careful review of the evidence, there is no one of the facts found by the learned trial judge that we ought to disturb, and the recital of them in the report of the case will be a sufficient vindication of his judgment that, in this equitable ejectment, the plaintiff is entitled to recover.

The chief reason assigned by the appellant why the judgment should be reversed is, that the court should have found the following fact, as requested, which it is contended is conclusive against the appellee's right to specific performance: "That an oral agreement, cotemporaneous with the written option, was made between defendant, Herman Liebold and Aaron Reiber, representing the plaintiff, by which he, the said Aaron Reiber, was to purchase from one Morrison, and one Krut, then being in possession, as tenants, of the premises described in the option, under leases from the defendant, their unexpired terms of said leases, and if he failed to purchase the same within the period of ten days, the time for which the option ran, then and in that event

he was to surrender up the option, and the same to become null and void; that the defendant, Herman Liebold, upon the faith of this agreement, was induced to sign the option; that Aaron Reiber, representing the plaintiff, made an effort to buy off the unexpired terms of the tenants within the said ten days, but failed and they yet remain in possession; that this oral agreement was omitted from the option by request of Aaron Reiber, who gave as a reason that if it were inserted, the tenants might advance the price of their unexpired terms." There are two answers to this proposition. The first is, that the court found affirmatively that the oral cotemporaneous agreement set forth in the request " was not proven by that clear and convincing evidence required by the equity rule." The thirteenth distinct finding is: "The option in writing dated March 25, 1902, contained the entire agreement between the parties. Nothing was omitted therefrom, by either fraud, accident or mistake." The other answer is, that, even if such parol cotemporaneous agreement had been proven, it was utterly immaterial in determining the rights of the parties to the option, which, when exercised by the appellee, became a contract to be enforced according to its terms. The tenants, Morrison and Krut, are not complaining, for they have not been injured. The conveyance was to be expressly subject to Liebold's leases to them; and whether the Guaranty Safe Deposit and Trust Company purchased these leases from the lessees, and thus got rid of them, or continued them as its own tenants, the result was the same, not only to them, but surely to the appellant, their landlord, who alone is now complaining. He could not possibly have been injured if the parol agreement had been made and was not kept.

One of the requests of the defendant was that the court find "that at the time the option was secured a company known as the Standard Steel Car Company contemplated coming to Butler to establish a large manufacturing plant; that Mr. Reiber had knowledge of this matter, and while defendant had heard of the coming of some contemplated company, his knowledge was indistinct and indefinite, and the certainty of its coming was known to the plaintiff who withheld this knowledge from defendant." The answer was: "Refused. The rumor that some company proposed establishing a manufacturing plant in or near Butler was known to both Mr. Reiber and the defendant,

Mr. Liebold, at the time the option was taken, to wit, March 25, 1902, but the certainty of its coming was neither known to the plaintiff or the defendant." Suppose Reiber had known definitely that the plant was to be established in Butler, and Liebold had been ignorant of this, was it the duty of the former to disclose such information to the latter, and can it be that, without such disclosure, his contract with Liebold is not enforceable in equity? In this commercial age options are daily procured by those in possession of information from which they expect to profit, simply because those from whom the options are sought are ignorant of it. When the prospective seller knows as much as the prospective buyer, options can rarely, if ever, be procured, and the rule that counsel for appellant would have us apply would practically abolish them. The prospective buyer seeks an option instead of at once entering into a contract for the purchase of land, because, no matter what information he may possess exclusively, he is unwilling to act upon it until it becomes a certainty. In the meantime, on the contingency of its becoming so, he makes his contingent bargain to purchase. This is fair in law and in morals: Hershey v. Keembortz, 6 Pa. 128; Harris v. Tyson, 24 Pa. 347. If the appellee concealed anything it was his duty to disclose, or said anything to mislead or deceive the appellant, this rule, of course, would not apply; but they dealt at arm's length, as men always do under such circumstances, each trying to make what was supposed to be the best bargain for himself at the time. This was the right of each of the parties, and on this point the appellant cannot be heard to complain, especially in view of the court's fourteenth finding: " At the time the option was secured it was rumored in Butler that some large manufacturing company contemplated locating in or near the town. Both Mr. Reiber and the defendant, Mr. Liebold, had heard of the coming of some contemplated company, but neither of them knew the name of the company. It was on account of this rumor that the defendant advanced the price of the property in suit, and for the same cause Mr. Reiber and those acting on behalf of the plaintiff company in purchasing the property agreed to give a higher price than they had before offered. The certainty of the coming of the plant was not known to either Mr. Reiber or Mr. Liebold at the time the option was signed."

We have discovered no merit in any of the assignments of error, and approve what was done by the court below. The form of judgment entered is not before us, but assuming it to be for the plaintiff upon the payment of the purchase money, according to the terms of the contract, it is affirmed. If the proper judgment has not been entered, the court below is directed to have it entered upon return of the record.